UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA G. LANE as personal representative of the estate of ORAL A. LANE, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 1:12-cv-01180-SEB-TAB<br>)<br>) |
| WALGREEN CO., | )<br>) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Pending before the Court is Plaintiff's motion for leave to amend the complaint. [Filing No. 45.] By way of this motion, Plaintiff seeks leave to add a new claim and in essence a new party. Defendant objects to this motion on numerous grounds, but in summary contends the motion is untimely and unfair. For the reasons set forth in Defendant's objection [Filing No. 48], as highlighted below, Plaintiff's motion is denied.

Plaintiff filed this case in July 2012 in state court, and Defendant removed the case to federal court in August 2012. Thereafter, the Court approved the parties' proposed Case Management Plan and set a June 15, 2013, deadline to amend the complaint or join new parties. [Filing No. 12.] The parties subsequently sought and were permitted to amend certain CMP deadlines, but did not seek to amend the deadline to amend/join. [Filing No. 31.] The Court has continued the trial date once already, which is now set for June 30, 2014, though Plaintiff recently filed a motion to continue that date as well.

On February 4, 2014, Plaintiff filed a motion for leave to amend the complaint. [Filing No. 45.] Defendant objected to this motion and the parties completed briefing on this motion on April 14. As set forth in Defendant's objection, Plaintiff filed the motion for leave to amend fifteen months after the applicable statute of limitation period expired, over seven months after the expiration of the CMP deadline to amend/join, and shortly before trial.[1] A review of the allegations in the complaint and proposed amended complaint illustrates why Defendant objects so vociferously.

The original complaint was brought by Patricia Lane as personal representative of the estate of her late husband, Oral Lane. The two-count complaint alleges Defendant incorrectly filled the dosage of Oral Lane's oxycodone prescription, that Lane fell and injured himself after ingesting the improper dosage, and that he later died as a result of the injuries sustained by the Defendant's negligence. The complaint seeks damages for Oral Lane's injuries, medical expenses, wrongful death, burial expenses, and loss of consortium.

The proposed amended complaint seeks to dismiss the wrongful death claim, add a claim for negligent infliction of emotional distress, and add Patricia Lane as an individual party plaintiff in addition to her claims as personal representative of her deceased husband's estate. [Filing No. 45-2.] As Defendant sees it the proposed amended complaint seeks to add "a completely new party plaintiff (Patricia Lane in her individual capacity) with two completely new causes of action: loss of consortium to Mrs. Lane in her individual capacity, and negligent infliction of emotional distress." [Filing No. 48, at ECF p. 3.] Defendant argues that these new claims will require "substantial additional discovery" that will increase the cost of this litigation. Defendant's motion states that Defendant has not yet deposed Mrs. Lane and that Defendant had

---

[1] The trial date was May 2, 2014, before the Court reset the date to June 30.

"no strong reason" to do so because Mrs. Lane could recover loss of consortium damages under the original complaint only if the wrongful death claim was ultimately successful. [Filing No. 48, at ECF p. 6.] Defendant further argues that granting the amendment will prejudice the Defendant because "it would be required to conduct additional (and hurried) discovery on these new issues" and would be "deprived of its limitations defense to these new claims." [Filing No. 48, at ECF p. 7.]

Plaintiff claims that "trial strategy" is at the root of the proposed amendment. Specifically, Plaintiff asserts:

> Here, the discovery process revealed the necessity for Plaintiff to conform its pleadings to be consistent with its trial strategy, which has been shaped and determined by the course of discovery. As the case has progressed with trial approaching, Plaintiff's analysis of the case has allowed it to gain a better understanding of how the case will be tried and the pleadings should be consistent therewith.

[Filing No. 45, ECF p. 2.]

Simply put, this argument is not persuasive. Perhaps recognizing this, Plaintiff's reply brief in more detail contends that the need to amend the pleadings could not have been foreseen prior to the deposition of Dr. Bennett. As Plaintiff states it, "Until Dr. Bennett's deposition, the Plaintiff was unaware of all the facts and her claims resulting from the Defendant's negligence." [Filing No. 87, at ECF p. 2.] Plaintiff further asserts that Dr. Bennett had medical issues that made her generally unavailable for deposition previously. [Filing No. 87, at ECF p. 2.]

This argument also falls short for several reasons. First, Plaintiff need not be aware of "all the facts" to assert her claims. Rather, a complaint need only assert allegations that have factual support or are likely to have factual support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(3). Moreover, even allowing for Dr. Bennett's medical complications, Plaintiff does not adequately explain why it took over a year and a half

after filing this complaint to depose Dr. Bennett. In fact, Plaintiff's motion and reply brief do not identify when Dr. Bennett was deposed, what efforts were made to depose Dr. Bennett sooner, or what significant testimony elicited from Dr. Bennett suddenly made the need to amend apparent. The Court is hard-pressed to believe that after a year and a half of litigating this case an expert witness was needed to highlight the need to bring a loss of consortium claim for Patricia Lane individually or a claim for negligent infliction of emotional distress.

As for the lack of timeliness, Plaintiff argues that the claims are timely because they relate back to the original claims. Defendant contests this point, relying on *Anderson v. Scott*, 575 N.E.2d 672, 674 (Ind. Ct. App. 1991) (plaintiff cannot amend its complaint after the statute of limitations has expired to add a spouse as a new party plaintiff to pursue a loss of consortium claim). In the Court's view, this nuanced point could have been easily avoided by Plaintiff timely seeking leave to amend. Plaintiff has failed to demonstrate sufficient cause to allow the amendment even under the liberal pleading standard, given the obvious delay by Plaintiff and prejudice to the Defendant.

For these reasons, as more fully set forth in Defendant's response brief, Plaintiff's motion for leave to amend [Filing No. 45] is denied.[2]

Dated: 5/22/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] To the extent that this ruling may be deemed dispositive of the claims Plaintiff seeks to add by amendment, this order shall be treated as a Report and Recommendation, and Plaintiff shall have 14 days from being served with a copy of this order to file any appeal. This denial is without prejudice to any subsequent motion Plaintiff may file to dismiss her wrongful death claim.

4

Distribution:

Matthew M. Golitko
GOLITKO & DALY, P.C.
matt@golitkodaly.com

Robert Thomas Dassow
HOVDE DASSOW & DEETS LLC
rdassow@hovdelaw.com

Edward J. Fujawa
LEWIS WAGNER LLP
efujawa@lewiswagner.com

Susan E. Cline
LEWIS WAGNER LLP
scline@lewiswagner.com